## STATE ex rel. INDIANA SUPREME COURT DISCIPLINARY COMMISSION, Relator,

v.

### Alberto MEJIAS, Respondent.

### No. 94S00–1103–MS–164.

Supreme Court of Indiana.

July 24, 2015.

### *PUBLISHED ORDER ACCEPTING SETTLEMENT AGREEMENT AND ISSUING PERMANENT INJUNCTION*

On March 22, 2011, the Indiana Supreme Court Disciplinary Commission filed a Verified Petition to Enjoin the Unauthorized Practice of. Law against Respondent, Alberto Mejias. The Commission's Verified Petition alleged, among other things, that Mejias, who, while em-

ployed as a legal assistant for an Indiana attorney but without his employer's knowledge, handled client matters independently from his employer's office and told his employer's prospective clients that he was a lawyer. It further alleged that after leaving that employment, Mejias opened an office, began offering legal services under the name "Mejias & Mejias Legal Services," and collected fees to perform legal services. Article 7, section 4 of the Indiana Constitution, Indiana Code section 33–24–1–2(b)(2), and Indiana Admission and Discipline Rule 24 give this Court original jurisdiction over this matter.

Subsequent to the Commission's filing of the Verified Petition and the appointment of the Honorable Jose D. Salinas as commissioner to hear evidence and report findings, the parties jointly tendered a "Settlement Agreement and Release" to this Court for its consideration, a copy of which is attached to this order. Having considered the parties' "Settlement Agreement and Release," the Court finds that it should be, and therefore is, accepted.

Accordingly, Respondent, Alberto Mejias, is hereby PERMANENTLY ENJOINED from providing, and holding himself out as capable of providing, legal advice or legal services to any Indiana resident or pertaining to any Indiana legal matter, unless and until he has obtained a license to practice law in Indiana. This restriction shall not preclude Respondent from seeking employment from, or being employed by, a lawyer or law firm as a non-lawyer assistant, so long as, while doing so, he abides by the terms of this permanent injunction and the attached Settlement Agreement and Release and does not contravene the Indiana Rules of Professional Conduct or Guideline 9 for the Use of Non–Lawyer Assistants.

As provided in the parties' Settlement Agreement and Release, Mejias is also ORDERED to pay restitution, by December 1, 2015, to the victims listed in the Settlement Agreement and Release per the amounts specified therein and to make payment to the Indiana Unclaimed Property Fund in the amount attributable to any victim, in the name of that victim, who cannot be located.

With the Court's acceptance of this agreement, the commissioner appointed in this case is discharged. The Court thanks Judge Salinas for his service as commissioner.

All Justices concur.

### SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** (the "**Agreement**") is made and entered into, by and between the Indiana Supreme Court Disciplinary Commission (the "**Commission**") and Alberto Mejias ("**Mejias**"). The Commission and Mejias are referred to herein individually as a "Party" and collectively as the "Parties."

### RECITALS

**WHEREAS,** on or about March 22, 2011, and pursuant to Indiana Admission and Discipline Rule 24, the Commission filed a Verified Petition to Enjoin the Unauthorized Practice of Law with the Indiana Supreme Court, Cause No. 94S00–1103–MS–164, against Mejias, wherein the Commission alleges, among other things, that Mejias engaged in the unauthorized practice of law by holding himself out as a lawyer and handling legal matters (hereinafter referred to as the "**Verified Petition**").

**WHEREAS,** pursuant to Art. 7 § 4 of the Constitution of Indiana, Indiana Code

§ 33–24–1–2 and Admission and Discipline Rule 24, the Indiana Supreme Court has exclusive and original jurisdiction over matters which involve the unauthorized practice of law.

WHEREAS, Mejias is not licensed to practice law in the State of Indiana.

WHEREAS, in the course of his employment by an Indianapolis attorney, the Commission alleged Mejias represented to the lawyer's prospective clients that he was a lawyer and handled client matters independently from the lawyer's office.

WHEREAS, after leaving the employment of an attorney, the Commission alleged Mejias opened an office and offered legal services directly to consumers under the name "Mejias & Mejias Legal Services."

WHEREAS, Mejias allegedly collected payment from Indiana residents with legal matters in exchange for his promise to perform legal services.

WHEREAS, Mejias allegedly performed legal services for Indiana residents in connection with Indiana legal matters.

WHEREAS, the Commission and Mejias have determined that it is in their respective interests to resolve the dispute that exists between and/or among them without the time and expense of further litigation. Mejias has admitted evidence exists from which the Hearing Officer could find he engaged in the unauthorized practice of law by representing himself as an attorney, operating an independent office to sell legal services, and providing or offering to provide legal services.

NOW THEREFORE, in consideration of the above premises and the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. ***Agreed Permanent Injunction.*** Immediately upon execution of this Agreement, Mejias agrees and stipulates to the entry of a permanent injunction ("Agreed Permanent Injunction"), wherein Mejias agrees that he shall not provide, or hold himself out as capable of providing, legal advice or legal services to any Indiana resident, or pertaining to any Indiana legal matter, unless and until he has obtained a license to practice law in the State of Indiana.

2. ***Restitution.*** Following the execution of this agreement, Mejias agrees to pay restitution to the following victims in the following amounts by December 1, 2015:

   Jose Dominguez—$350

   Victor Solano—$1,000

   Maria Solano—$200

   Yolanda Garcia—$400

   Eligio Quiahua–Itehua—$350

   Armando Gonzalez—$200

   Mejias agrees that if the victims cannot be located to make restitution, he will pay the agreed amount in their name to the Indiana Unclaimed Property Fund. Mejias agrees that this agreement does not limit his liability to any of the victims of his unauthorized practice of law, whether or not identified in the Verified Petition.

3. ***Acceptance of the Agreement by the Indiana Supreme Court.*** Upon execution of this Agreement, the parties agree to submit an executed copy of this Agreement to the Supreme Court Administrator for consideration by the Indiana Supreme Court. The parties understand and stipulate that

this Agreement shall be null and void unless and until it is accepted by the Indiana Supreme Court. In the event the Indiana Supreme Court rejects this Agreement, or any portions thereof, the parties agree to use reasonable efforts to arrive at an Agreement that is consistent with any orders or directives from the Court. In the event the Indiana Supreme Court accepts this Agreement, the parties agree that it will be filed and made part of the public record of this matter.

4. *Use of this Agreement.* The Parties agree that they shall not offer this Agreement as evidence of liability in any litigation, action or proceeding, except in seeking to enforce the terms of this Agreement.

5. *Mutual Release.* Effective upon the execution of this Agreement, and acceptance of this Agreement by the Indiana Supreme Court, the Commission, on behalf of itself and its agents, officers, directors, legal representatives, successors and/or assigns, and Mejias, on behalf of himself and his agents, heirs, successors and/or assigns, in consideration of the Agreed Permanent Injunction and for other good and valuable consideration, the sufficiency whereof is hereby acknowledged, hereby forever fully release, discharge and acquit each other, and each of their respective agents, officers, directors, legal representatives, heirs, successors and/or assigns (as applicable), from any and all claims, charges, demands, sums of money, actions, rights, causes of action, obligations and liabilities of any kind or nature whatsoever, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable, which each party may have had, claims to have had, now has, may claim to have or claims to have, with respect to the issues raised in the Verified Petition. This release does not extend to any claims arising out of the interpretation and performance of this Agreement, nor to any claims by any person who paid to Mejias fees for legal services.

6. *Warranty of Authorization.* The Parties to this Agreement warrant that they have the power and authority, and the legal right, to make, deliver and perform under this Agreement, and have taken all necessary actions to authorize execution, delivery and performance under this Agreement. This Agreement constitutes legal, valid and binding obligations of the Parties, enforceable against them in accordance with its terms.

7. *Advice of Counsel.* The Parties understand and acknowledge the significance and consequences of signing this Agreement and have had a full opportunity to discuss, and have discussed, the Agreement with counsel.

8. *No Presumptions Against Any Party.* Neither this Agreement nor any provision in this Agreement shall be construed for or against any Party because this Agreement as a whole, or any provision thereof, was requested or drafted by such Party. Neither this Agreement nor any provision in this Agreement nor evidence of any negotiations in connection with it or them shall be offered or received in evidence or used in any way in any action or proceeding between the Parties except to enforce the terms and provisions hereof.

9. **Costs and Expenses.** Each Party is responsible for its own costs and expenses, including attorneys' fees, related to the disputes between the Parties or to the Agreement, including without limitation all negotiations leading up to the Agreement.

10. **Recovery of Litigation Expenses.** If any legal action or any arbitration or other proceeding is brought by the Commission for the enforcement of this Agreed Permanent Injunction, or because of an alleged dispute, or breach in connection with any of the provisions of this Agreed Permanent Injunction, the Commission shall be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it may be entitled. Mejias and the Commission agree that the Commission has not waived